**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Quinn P. Harrington**
Assistant U.S. Attorney
Quinn.Harrington@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

March 10, 2023

Justin T. Rusk
Janet Hoffman & Associates
1000 SW Broadway, Suite 1500
Portland, OR 97205

     Re:    *United States v. Joseph Robert Purdy*, Case No. 3:23-cr-00064-IM
           Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive indictment and plead guilty to an Information charging one count of Access Device Fraud, in violation of Title 18, United States Code, Section 1029(a)(3) and 1029(c)(1)(A)(i).

3.    **Penalties**: The maximum sentence is 10 years of imprisonment, a fine of $250,000 (or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000), 3 years of supervised release, 5 years of probation, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed at least fifteen unauthorized access devices at the same time;

Second, the defendant knew that the devices were unauthorized;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and another state, or between a state of the United States and a foreign country.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed and could be proved beyond a reasonable doubt at trial:

a. From about May 21, 2022, through June 17, 2022, in the District of Oregon, while defendant was an employee of Company A, defendant accessed Company A's database at the request of a third party, while defendant was on paternity leave. Defendant had no legitimate reason to access Company A's database at that time. Instead, defendant accessed Company A's database, without authority, to knowingly and unlawfully exfiltrate millions of email addresses and associated information regarding clients of Company A. When accessing Company A's database to obtain the email addresses, defendant tampered with Company A's server logs and subsequently purged his electronic devices in an attempt to hide his conduct. Defendant knew that the third party could use the information to deprive victims of money and property by deception.

b. The email addresses and associated information obtained by defendant from Company A's database constituted "access devices," as they were means of account access that could be used, alone and in conjunction with another access device, to obtain money, goods, services, and other things of value, and that could be used to initiate a transfer of funds. Further, the email addresses and associated information were "unauthorized access devices," as they were obtained by defendant with an intent to defraud.

c. After defendant had obtained the millions of email addresses and associated information of Company A's clients, without the authority or consent of Company A, defendant electronically transferred the email addresses and associated information to a third party, with the transfer affecting interstate and foreign commerce. In exchange for providing the access devices, the third party paid defendant a sum of money in cryptocurrency, in an

amount less than $5,000. Defendant then transferred his cryptocurrency into Wasabi wallets to obfuscate the source of the funds.

d.  In late June 2022, Company A learned that millions of client email addresses and associated information had been compromised from its server. A forensic reconstruction of Company A's server showed that it was defendant who obtained the access devices. Defendant was subsequently terminated from Company A.

6.  **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.  **Guideline Calculation**: The parties are not agreeing to an advisory guideline range in this case.

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels is defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Sentencing Recommendation**: So long as defendant demonstrates an acceptance of responsibility as explained above, the government will recommend a sentence of probation, with standard and special conditions to be determined by the Court. Defendant may recommend any lawful sentence.

10.  **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as

provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14.  **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct. The parties are not agreeing to a specific restitution amount at this time; however, defendant understands that the government and victims will be requesting restitution in an amount that is yet to be determined.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15.  **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16.  **Deadline**:  This plea offer expires if not accepted by March 20, 2023, at 2:30pm.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Quinn P. Harrington*

QUINN P. HARRINGTON
CRAIG J. GABRIEL
Assistant United States Attorneys


I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

03-11-2023
Date

Defendant


I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

3/13/23
Date

Attorney for Defendant

Revised Aug. 2022