NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**QUINN P. HARRINGTON, OSB #083544**
Assistant United States Attorney
Quinn.Harrington@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:23-cr-00064-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JOSEPH ROBERT PURDY,** | |
| **Defendant.** | |

**Introduction**

Mr. Purdy sent email addresses to a bad actor to use as "leads" for criminal conduct. Mr. Purdy's actions were a serious breach of trust that harmed his employer and could have (and may have) led to financial losses to customers. Mr. Purdy's actions appear to be an aberration in an otherwise law-abiding life.

Given his early resolution of this offense, as well as other factors, the parties will be jointly recommending probation. At sentencing, the Court will need to decide the ultimate sentence and if it follows the parties' recommendation, will need to decide the length of

**Government's Sentencing Memorandum**                                    **Page 1**

probation. The Court will also need to decide the disputed issues of supervised release. Finally, the Court will need to determine restitution which may be fully settled at the time of sentencing.

**Factual Background**

**A.      The Offense Conduct**

The facts are accurately set forth in the plea agreement and the Presentence Report (PSR). To briefly summarize, Mr. Purdy worked at Company Victim 1 as a software engineer. At his job, he had access to company information, including customer information. Between May and June of 2022, while on paternity leave, Mr. Purdy accessed data files at Company Victim 1 and obtained customers' email addresses. Mr. Purdy sent those email addresses to a third party who he knew would attempt to use those email addresses as part of a scheme to steal. Mr. Purdy did not provide any passwords and only sent email addresses.

As a result of Mr. Purdy's actions, his employer expended significant resources mitigating the breach. Company Victim 1 also lost a customer (and revenue from that customer) whose data was involved in the breach. An insurance company, Insurance Victim 1, covered some of the costs of the damage to Company Victim 1. The government is not aware of any use of the email addresses or any losses to the owners of those email addresses.

**B.      The Charges & Plea Agreement**

Mr. Purdy agreed to plead guilty pre-indictment to one count of Access Device Fraud in violation of 18 U.S.C. § 1029(a)(3). The parties did not agree to a guidelines computation because the loss figure was not ascertained at the time of the plea agreement.

**C.      Guideline Computations**

The government agrees with computations set forth in the PSR and agrees with a 3-year term of probation as a sentence:

**Government's Sentencing Memorandum**                                                **Page 2**

| Enhancement | Government's Position |
|---|---|
| Base—<br>USSG § 2B1.1(a)(1) | 6 |
| Loss—<br>USSG § 2B1.1(b)(1)(M)<br>more than $150,000 and less than $250,000 | 10 |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -3 |
| **Guideline Prior to § 4C1.1** | **13 (12-18)** |
| "Zero-Point Offender"<br>USSG § 4C1.1 | -2 |
| **Guidelines with § 4C1.1** | **11 (8-14)** |
| **Government Recommendation (Variance)** | **3 Years of Probation** |

### Argument

### A.      Contested Guideline Issues

The government anticipates that the guidelines calculation will be undisputed. Company Victim 1 put forth a two-year loss of income calculation in addition to other expenses totaling over $150,000. Mr. Purdy objected to that lost income as speculative. The PSR has incorporated that lower loss figure. The government is not contesting this issue in the guidelines calculation, thus, this issue is not disputed among the parties.[1]

### B.      Government's Recommended Sentence

Mr. Purdy 's conduct was a serious breach of his responsibilities and disregarded the potential loss to an unknown number of users. On the other hand, his conduct appears to be an anomaly in an otherwise law-abiding life. He also appears to have made this decision during a stressful time in his life. Finally, he has worked with the victim company to resolve his restitution obligations.

/ / /

/ / /

[1] The PSR does contain a typo at ¶ 25 where it includes "14" in the last line, a carryover from the draft PSR.

**Government's Sentencing Memorandum**                                              **Page 3**

Given Mr. Purdy's conduct after his offense conduct, a sentence below the guidelines is appropriate. In this case, for the reasons described in all of the materials submitted to the Court, the government recommends a sentence of probation.

### C.    Supervised Release Conditions and Mr. Purdy's Objections to Special Conditions 2, 4, 5, 8, and 9

The Court should impose all of the special conditions in the PSR because they are all reasonably related to the offense conduct and are not unreasonable deprivations of liberty.

District judges have broad discretion in imposing supervised release conditions subject to three general restrictions:[2]

> First, the condition must be reasonably related to the nature and circumstances of the offense; the history and characteristics of the defendant; or the sentencing-related goals of deterrence, protection of the public, or rehabilitation. Second, the condition must be consistent with the Sentencing Commission's policy statements. And finally, the condition may involve no greater deprivation of liberty than is reasonably necessary to serve the goals of supervised release.

*United States v. LaCoste*, 821 F.3d 1187, 1190-91 (9th Cir. 2016) (internal citations and quotation marks omitted). Restrictions on computer use, including some restrictions on any internet use, may be imposed in cases where a computer and the internet was essential or integral to the offense. *See id.* at 1191.

In this case, Mr. Purdy's criminal conduct occurred solely on a computer. He used his work computer to steal customer information that he transferred to a bad actor that he met on the internet. Each challenged restriction is reasonably related to the offense conduct, consistent with policy statements, and does not unnecessarily deprive any liberty interest. Each objection is addressed in turn.

---

[2] None of the conditions involve a "particularly significant liberty interest" that would trigger a higher procedural standard. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012). The conditions do not intrude upon familial relationships or other activity, such as a total ban on the use of the internet, that would trigger such a standard, and Mr. Purdy has not made any argument that the higher procedural standard applies.

1.    Condition 2:  *You must not communicate, or otherwise interact, with the victim company or its employees either directly or through someone else, without first obtaining the permission of the probation officer.*

Mr. Purdy's offense conduct involved stealing information from the Victim Company 1. It is reasonable to put some restriction on his communication with the victim.

Mr. Purdy objects because he may need to speak with Victim Company 1 in the course of his employment and has friends who still work at there. The probation officer will almost certainly approve those interactions. The condition should not be modified. Should Mr. Purdy have problems with the implementation of this provision, he can always petition the Court.

2.    Condition 4: *You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must not install any encryption software or mechanism on any such computer, device, or data storage media, without the prior approval of the probation officer. You must furnish any password or passcode required to access the computer, device, or storage media to the probation officer upon request. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.*

Computer search conditions are routinely included when a defendant has been convicted of a computer crime. Restrictions are "critical" to prevent offenders from committing the same crimes for which they were convicted. *Cf. United States v. Goddard*, 537 F.3d 1087, 1090 (9th Cir. 2008) (requiring monitoring for a defendant who was convicted of a child pornography offense).

As noted previously, Mr. Purdy's criminal conduct occurred solely on a computer. This restriction is reasonably tailored to the offense and to Mr. Purdy's liberty interests. A search will only be conducted if there is reasonable suspicion of a violation and will only be done at a reasonable time and manner.

**Government's Sentencing Memorandum**                                                            **Page 5**

Mr. Purdy objects to this condition because some of his computers may come with encryption software. However, the condition does not appear to restrict such use. It only prohibits Mr. Purdy from installing additional encryption software. Even in that context, he may still do so with permission.

Mr. Purdy also objects that his employer may restrict sharing of his password. Mr. Purdy's employer's policies cannot override an order from this Court. Mr. Purdy's computers, including those he uses for work, need to be monitored to ensure compliance.

This condition requires Mr. Purdy to warn his employer of the search condition. When he does so, his employer should see that no searches will occur without reasonable suspicion. Should his employer have concerns, they should be raised with the probation officer and, if a resolution is not reached, could be brought to the Court at a later date.

3.    Condition 5: *You must not work in any type of employment without the prior approval of the probation officer.*

Mr. Purdy's illegal conduct occurred at work with his employer as the victim. It is appropriate to require prior approval before commencing employment, and the condition is reasonably related to the offense conduct.

Mr. Purdy argues that he is already employed and cannot now obtain permission. As explained in the PSR, Mr. Purdy can simply discuss his employment with probation at intake. Should probation and Mr. Purdy disagree on probation's approval of employment, Mr. Purdy can contact the Court.

4.    Condition 8: *You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.*

Condition 9: *You must not make application for any loan, or enter into any residential or business lease agreement, without the prior approval of the probation officer.*

**Government's Sentencing Memorandum**                                    **Page 6**

The conditions are reasonable at this stage. Financial disclosure conditions are generally reasonable. For example, the Ninth Circuit has held that drug traffickers may be properly required to disclose details of personal finances. *United States v. Garcia*, 522 F.3d 855, 862 (9th Cir. 2008). Monitoring financials can be important in ensuring an offender is making a successful reentry to society. Monitoring financials are also important to ensure payment of restitution. *See United States v. Jeremiah*, 493 F.3d 1042, 1046 (9th Cir. 2007) (upholding financial conditions when defendant failed to make restitution payments).

In this case, Mr. Purdy's crime involved the theft and sale of customer information. Mr. Purdy may also be required to pay a restitution judgment.  Monitoring his financial condition will help probation officers supervise him successfully and ensure payment of any financial obligations.

### D.    Restitution

The government anticipates that prior to sentencing, Company Victim 1 and Mr. Purdy will have entered into an agreement that will obviate the need for restitution to Company Victim 1. Company Victim 1 incurred some loses that were reimbursed by Insurance Victim 1.

Insurance Victim 1 has made a claim for $73,136.51, representing costs associated with the incident response by Company Victim 1 that included legal and other expenses. Insurance Victim 1 is entitled to recover this amount under 18 U.S.C. § 3664(j)(1). The government does not anticipate that this amount will be disputed.

/ / /

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                    **Page 7**

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of three years of probation. The government also asks for all of the supervised release conditions in the PSR. Finally, the government asks for a restitution judgment in the amount of $73,136.51.[3]

Dated: August 30, 2023                                    Respectfully submitted,

                                                          NATALIE K. WIGHT
                                                          United States Attorney

                                                          */s/ Quinn P. Harrington*
                                                          QUINN P. HARRINGTON, OSB #083544
                                                          Assistant United States Attorney

---

[3] Should Company Victim 1 and Mr. Purdy not come to an agreement, or should there be any other dispute regarding restitution, the government will ask that restitution be set out to be determined at a later date.

**Government's Sentencing Memorandum**                                              **Page 8**